IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 9 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01763-ZLW

DAVID JACKSON,
    Plaintiff,

v.

JANICE B. DAVIDSON, Chief Judge, and
MARY MULLARKEY, Chief Judge,
    Defendants.

___

ORDER DENYING MOTION TO RECONSIDER

___

Plaintiff David Jackson has filed *pro se* on September 6, 2007, a "Motion for Reconsideration of Order, Order and Judgment of Dismissal" and on September 10, 2007, an "Amended Motion for New Trial/Reconsideration/Objection to Order and Judgment of Dismissal." Mr. Jackson asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on August 30, 2007. The Court must construe the motion to reconsider and the amended motion to reconsider liberally because Mr. Jackson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider and the amended motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Jackson filed the motion to reconsider and the amended motion to reconsider within ten days after the Court's Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider and the amended motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant habeas corpus action without prejudice because Mr. Jackson is challenging various orders entered by Colorado state courts in his 1986 state divorce case. The Court first determined that this action is barred by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Alternatively, in the event that the state court proceedings are not final, the Court decided to abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971). Mr. Jackson argues in his motion to reconsider and the amended motion to reconsider that this action is not barred by the *Rooker-Feldman* doctrine and that *Younger* abstention is not appropriate.

Upon consideration of the motion to reconsider, the amended motion to reconsider, and the entire file, the Court finds that Mr. Jackson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D.

123, 126 (D. Colo. 1988). Mr. Jackson does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that, if the state court proceedings are not final, **Younger** abstention is appropriate. Therefore, the motion to reconsider and the amended motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration of Order, Order and Judgment of Dismissal" filed on September 6, 2007, and the "Amended Motion for New Trial/Reconsideration/Objection to Order and Judgment of Dismissal" filed on September 10, 2007, are denied.

DATED at Denver, Colorado, this __9__ day of __Oct.__, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01763-BNB

David Jackson
PO Box 17163
Boulder, CO 80308

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/9/07

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk